13-428-cr
*United States v. Lane*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand fourteen.

PRESENT:   AMALYA L. KEARSE,
                     RALPH K. WINTER
                     RICHARD C. WESLEY,
                              *Circuit Judges,*

---

UNITED STATES OF AMERICA,

                              *Appellee,*

          -v.-                                                    No. 13-428-cr

BERNARD LANE,

                              *Defendant-Appellant.*

---

FOR APPELLANT:          Yvonne Shivers, New York, NY.

FOR APPELLEE:        Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court be and

hereby is **AFFIRMED.**

Defendant Bernard Lane pled guilty to one count of mail fraud and one

count of tax evasion in the United States District Court for the Western District of

New York. The court then sentenced Lane to 41 months in prison and ordered

him to pay $445,619.22 in restitution to his former employer, the victim of his

fraud, and $58,524 to the IRS. Lane now appeals, challenging the district court's

calculation of the "amount of loss" as it applies both to his sentencing guidelines

calculation and the order of restitution.

To the extent that Lane's challenge is to the Guidelines calculation and the

imprisonment component of his sentence, that challenge has been waived, as

Lane in his plea agreement agreed not to appeal from or collaterally attack a

prison term of 51 months or less, "notwithstanding the manner in which the

[district court] determine[d] the sentence."  Because Lane has made no showing that the waiver was unknowing or involuntary, he cannot challenge the 41-month imprisonment component of his sentence.

The government concedes, however, that Lane did not agree to waive his right to challenge the restitution component of his sentence.  We review the district court's restitution order only for abuse of discretion. *United States v. Marino*, 654 F.3d 310, 316 (2d Cir. 2011). The district court calculated the amount of victim losses using Lane's Pre-Sentence Report, which was itself based on business records from Lane's former employer. The district court was required only to make a reasonable estimate of the losses, and the evidence utilized here is plainly sufficient for that purpose. *See United States v. Gushlak*, 728 F.3d 184, 195-96 (2d Cir. 2013). Although Lane argues that records for legitimate orders *may* have been included among those considered by the Probation Office, he presents no evidence of any mistake.

Next, Lane points to some ambiguities in the loss amount as calculated in his plea agreement. These are irrelevant. The plea agreement itself said that the court was not bound by its calculation of the loss amount. Since the district court

made an independent and reasonable estimate of the victim's loss on the basis of competent evidence, we affirm.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk